IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD B. FLETCHER,<br><br>        Plaintiff,<br>  v.<br><br>FRED MEYERS STORES, INC.,<br><br>        Defendant. | Case No.: 3:25-cv-01803-AN<br><br><br>ORDER |

        Self-represented plaintiff Richard B. Fletcher filed a complaint seeking damages from defendant Fred Meyers Stores, Inc. for racial discrimination and whistleblower retaliation. Plaintiff seeks to proceed without paying filing fees—*i.e.*, *in forma pauperis* ("IFP"). For the reasons stated below, the Court GRANTS plaintiff's application to proceed IFP, but finds that plaintiff's complaint does not state a claim on which relief may be granted and therefore DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e), with leave to amend. Plaintiff may file an amended complaint that addresses the deficiencies identified in this Order. The amended complaint must be filed by December 19, 2025.

## LEGAL STANDARD

        District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that, in light of their assets, they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 "applies to all persons notwithstanding" its references to incarcerated litigants. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). When determining what, if any, filing fee a plaintiff must pay, district courts "'may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)).

In addition to permitting litigants to proceed without paying filing fees, section 1915 also requires a court to dismiss a complaint if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a self-represented litigant's complaint is frivolous or otherwise lacks merit, courts must use "'less stringent standards than'" those used for "'formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, such complaints must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). When this standard is not met, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

"'Unless it is absolutely clear that no amendment can cure the defect,'" a self-represented litigant proceeding IFP "'is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## DISCUSSION

Plaintiff has satisfied the economic eligibility requirements of 28 U.S.C. § 1915 and, accordingly, his IFP application is granted. However, the complaint, as written, does not establish a legally coherent theory of liability and therefore must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Few facts are alleged in the complaint. In the section entitled "Statement of Claim," plaintiff stated: "This claim is about several instances of overt racial discrimination[,] derogatory racial

2

name calling, and writings on the walls. Also retaliation for whistle blowing[.]" Compl., ECF [1], at 4. In the section entitled "Relief," plaintiff stated that he seeks $900,000 and that he "ask[s] the [C]ourt to assist in making right mental, and financial damages brought upon [him]self, and correct the racial wrongs brought upon hundreds of other persons of color over the past couple decades that Fred Meyers knowingly allowed[.]" *Id.* As the basis for federal jurisdiction, plaintiff checked the box entitled "federal question" and then specified that "the specific federal statutes, federal treatises, and/or provisions of the United States Constitution that are at issue in this case" are the Fourteenth Amendment and "whistle blowing." *Id.* at 3. That is the entirety of the allegations contained within the complaint.

All of these allegations are conclusory. "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion— even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681). Factual allegations must contain more than "bare assertions" and "'formulaic recitations of the elements' of a" claim. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). In practice, this means that "unadorned, the defendant-unlawfully-harmed me accusation[s]," like those contained in the complaint here, do not suffice. *Id.* at 678. To state a plausible claim for relief, plaintiff must describe specific facts surrounding the alleged discrimination and retaliation—for example, when it happened, who was involved, and what was said and done. As such, the complaint, as currently written, does not contain "sufficient factual material" to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. The complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915(e).

Plaintiff may choose to amend his complaint correcting the deficiencies identified in this Order. Any such amended complaint must be filed by December 19, 2025. If he chooses to file an amended complaint, plaintiff is advised that he must reallege each of his claims therein, including the specific facts underlying each claim, and "may not incorporate by reference any part of the prior" complaint. Local R. 15-1(a)(3). In preparing the amended complaint, plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information About Representing Yourself," available to the

3

public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself. Additionally, to the extent plaintiff intends to "correct the racial wrongs brought upon hundreds of other" people, Compl. 4, he is cautioned that he may not pursue claims "on behalf of others in a representative capacity" while he is self-represented. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases).

## CONCLUSION

For the reasons stated herein, plaintiff's Application for Leave to Proceed IFP, ECF [2], is GRANTED, and plaintiff's Complaint, ECF [1], is DISMISSED pursuant to 28 U.S.C. § 1915(e), with leave to amend. Plaintiff may file an amended complaint within thirty (30) days, *i.e.*, by December 19, 2025, if he is able to cure the deficiencies identified in this Order. Failure to file an amended complaint by that date curing the defects identified herein may result in dismissal of this action, without prejudice, without further notice.

IT IS SO ORDERED.

DATED this 19th day of November, 2025.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge